[Crim. No. 613.   Fourth Dist.—May 12, 1941.]

THE PEOPLE, Respondent, v. WARREN MARR, Appellant.

Ben D. Frantz for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—Upon his plea of guilty to a charge of violating the Corporate Securities Act the defendant was sentenced to imprisonment in San Quentin by a judgment pronounced on September 16, 1938. On March 28, 1941, he moved to vacate that judgment on the ground that the court was without jurisdiction to enter the same. That motion was denied and he appealed from that order, and requested a transcript.　██　A copy of the reporter's transcript was served upon his attorney on April 17, 1941, and within five days thereafter, on April 21, 1941, he filed in the trial court objections to said transcript, asking that six corrections therein be made.

Having been notified by the clerk that the reporter's transcript had already been filed in this court, the appellant made this motion for the return of the reporter's transcript to the trial court for the purpose of having his objections considered and appropriate action taken with respect to the corrections sought.

While objections to the transcript and application to have it corrected were made to the trial court within the time allowed by section 8 of rule II of the Rules for the Supreme Court and District Courts of Appeal, it does not follow that this motion should be granted under the circumstances here appearing. Each of the corrections sought to be made involves something said by appellant's counsel while arguing on points of law before the trial court. Most of them cover only a word or two, some are trivial, and in each instance it is perfectly apparent what counsel intended to say and what was the trend of his argument. The matters in question could in no way injure the appellant on the presentation of his appeal on its merits; and the sending of the transcript back for correction would be an idle act which could serve no useful purpose. The merits of the appeal, when finally presented, will in no way be affected by the errors, if any, in transcrib-

ing the arguments made in the trial court by the appellant's attorney.

The motion is denied.

Marks, J., and Griffin, J., concurred.